UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ADAM MICHAEL ZULEGER,

Plaintiff,

v.

INDIANA STATE OF, et al.,

Defendants.

CAUSE NO. 2:26-CV-490-GSL-JEM

OPINION AND ORDER

Plaintiff Adam Michael Zuleger is being held at the Porter County Jail. He is not represented by counsel. He filed a complaint alleging organ harvesting at the Porter County Jail. ECF 1 at 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Such is the case here. Zuleger appears to believe that he has been––and still is–– subject to organ harvesting at the Porter County Jail. According to the complaint, although he is a United States citizen, "tubes were surgically inserted in [his] eyes." ECF 1 at 2. The complaint also alleges illegal "organ contracting," "unlawful organ tissue trafficking," and "illegal organ marketing." ECF 1 at 3. According to the complaint, Zuleger won't allow anyone to harvest his organs. Although the caption of the complaint lists Commissioners Ed Morales, Barb Regnitz, and Jim Biggs, it does not state what they're alleged to have done to violate Zuleger's civil rights.

To the extent that they can be comprehended, Zuleger's allegations "are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33. Therefore this case will be dismissed as frivolous. Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is not so where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on November 3, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT